## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER KALPEDIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CITY OF PEORIA, a Municipal Corporation, JOHN BRIGGS and CHRIS WHITE, | ) Case No.  10-cv-1142 ) ) ) ) |
| Defendants. | ) ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant City of Peoria's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support.  (Docs. 6 & 7).  Plaintiff filed his timely Response in Opposition to Defendant City of Peoria's Motion (Doc. 8).  For the reasons stated below, the Motion to Dismiss is GRANTED.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).  To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63

(2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

## BACKGROUND[1]

Plaintiff filed his Complaint in this matter on May 14, 2010. (Doc. 1). The Complaint brings four Counts against three Defendants: the City of Peoria ("the City"), John Briggs, and Chris White. (Doc. 1). Both Defendant Briggs and Defendant White are police officers employed by the City, who were acting in that capacity and under the color of law at all times material to this Complaint. (Doc. 1). In Counts I and II, Plaintiff alleges federal law claims of excessive force and false arrest pursuant to 42 U.S.C. § 1983 ("§ 1983"). (Doc. 1). In Counts III and IV Plaintiff alleges Illinois state law claims of battery and false imprisonment. (Doc. 1).

All of Plaintiff's claims arise out of the same set of facts. On May 17, 2009, Plaintiff was in the vicinity of the bar Hydrate at 512 Main Street, Peoria, Illinois when he noticed a loud commotion and a gathering of about thirty people. (Doc. 1 at 3). As he was walking, Plaintiff alleges that either Defendant Briggs or Defendant

---

[1] According to the applicable legal standard, all facts in the background are taken as true based upon the allegations in Plaintiff's Complaint.

White grabbed him from behind, threw him to the ground, pulled his arms behind his back and handcuffed him. (Doc. 1 at 3). Subsequently, either Defendant Briggs or Defendant White placed Plaintiff under arrest and put him in a squad car. (Doc. 1 at 3). At this point, either Defendant Briggs or Defendant White noticed that Plaintiff was severely injured and took him to an ambulance to take him to a hospital. (Doc. 1 at 3). Upon release from the hospital, Plaintiff was taken to the Peoria Police Station and charged with resisting a peace officer. (Doc. 1 at 3). As a result of this experience, Plaintiff alleges that he has "suffered severe and permanent physical and psychological injuries as well as humiliation, injury to his reputation and loss of a normal life." (Doc. 1 at 4-5).

The instant motion to dismiss was filed only by Defendant City of Peoria, and is limited to the argument that Plaintiff has failed to state any facts upon which municipal liability could be imposed against it pursuant to § 1983. (Doc. 6). In its Response to the Motion to Dismiss, Plaintiff concedes that "the Complaint fails to state any facts upon which municipal liability could be imposed pursuant to 42 U.S.C. § 1983," however, he also argues that the Complaint does state sufficient facts to impose such liability upon Defendant City of Peoria with regards to his state law claims in Counts III and IV. (Doc. 8 at 2).

## DISCUSSION

### I. Counts I and II

In Counts I and II of his Complaint, Plaintiff alleges § 1983 claims for excessive force and false arrest against Defendants Briggs, White, and City of Peoria. (Doc. 1 at 3-4). "*Respondeat Superior* will not suffice to impose [§] 1983

liability on the City." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Rather, in order to establish municipal liability against Defendant City of Peoria under § 1983, Plaintiff must show that one of its policies violated his individual rights. *Id.* Plaintiff can show this in one of three ways: 1) the City has an "express policy that, when enforced, causes a constitutional deprivation;" 2) there is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) a person with "final policymaking authority" for the City has caused the constitutional injury. *Id.*

Plaintiff has not alleged any facts which would support one or more of these showings. In fact, the only allegations directed against the City are that Defendant's Briggs and White were police officers for the City, and were acting within their scope of employment for the City at the time of the incident. (Doc. 1). These two facts alone do not state a claim to relief against the City pursuant to § 1983.[2] Accordingly, Defendant City of Peoria's Motion to Dismiss will be GRANTED with respect to Count I and Count II.

**II. Counts III and IV**

In Counts III and IV of the Complaint, Plaintiff alleges Illinois state law claims of battery and false imprisonment. (Doc. 1). Under Illinois law, public employees and public entities are protected by the Local Governmental and Governmental Employees Tort Immunity Act ("Act"), 745 ILL. COMP. STAT. ANN. 10/1-101 et. seq. (West 2010). This Act immunizes public entities to the same

---

[2] Further, Plaintiff concedes that he has not stated a cause of action against Defendant City of Peoria under Count I or Count II.

4

extent it immunizes public employees. 745 ILL. COMP. STAT. ANN. 10/2-109. Further, it immunizes public employees from liability for any act in the execution or enforcement of law, unless such act amounts to willful and wanton conduct. 745 ILL. COMP. STAT. ANN. 10/2-202; *see also Sallenger v. City of Springfield*, 2005 U.S. Dist. LEXIS 18202 at *76 (C.D. Ill. Aug. 4, 2005). Willful and wanton conduct is defined as any course of action "which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference or conscious disregard for the safety of others." 745 ILL. COMP. STAT. ANN. 10/1-210. Accordingly, unlike under § 1983, under Illinois state law, allegations of willful and wanton conduct by a public employee are sufficient to state a cause of action against a municipality-employer. *See also Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir. 1973).

In his Complaint, Plaintiff clearly alleges that Defendant's Briggs and White were within the scope of their employment by the City when the material incidents occurred. (Doc. 1) ("At all relevant times, Defendants JOHN BRIGGS and CHRIS WHITE were acting in the scope of employment as police officers employed by Defendant, CITY OF PEORIA."). Thus, in order to state a claim against the City for battery and false imprisonment, the only other thing that Plaintiff must have alleged is that either Defendant Briggs or Defendant White engaged in willful and wanton conduct.

Ultimately, the question of whether conduct is willful and wanton is a question of fact for the jury. However, in the instant matter, the Court must first determine, as a matter of law, whether Plaintiff has alleged sufficient facts to even

5

create this question for the jury. *Pechulis v. City of Chicago*, 1997 U.S. Dist. LEXIS 11856, at *6 (N.D. Ill. Aug. 11, 1997). Here, with regards to Count III, the battery claim, Plaintiff has alleged that Defendant Briggs or Defendant White approached him from behind, grabbed him, and violently threw him to the ground, severely injuring him. (Doc. 1). With regards to Count IV, Plaintiff has alleged that Defendant Briggs or Defendant White handcuffed and restrained him in a bounded area without any basis in fact or law.[3]

As previously stated, in order to plead a case of willful and wanton conduct, Plaintiff must allege facts which show that Defendants acted out of an actual or deliberate intention to cause him harm or an utter indifference or conscious disregard for his safety. Plaintiff's allegations alone are not sufficient to plead such conduct. For instance, the alleged acts of the Defendants may have been warranted if, in some way, they were provoked by Plaintiff or were a reasonable response to Plaintiff's conduct. Plaintiff did not exclude this possibility in his Complaint by alleging facts to show that he gave no cause for the actions of Defendants. Without such factual context, Plaintiff has not alleged sufficient facts to "nudge" his claim of willful and wanton conduct "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Plaintiff is given leave to file an amended complaint, in which he is instructed to provide more details of the circumstances surrounding his arrest, including his connection, if any, to the commotion outside of the bar Hydrate.

---

[3] Because the latter portion of this allegation "without any basis in fact or law" is conclusory in nature and amounts to nothing more than a "formulaic recitation of the elements," it is not entitled to a presumption of truth in disposing of the instant motion. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

## CONCLUSION

For the foregoing reasons, Defendant City of Peoria's Motion to Dismiss is GRANTED.  Plaintiff has 21 days within which to file an amended complaint.  The matter is REFERRED to Magistrate Judge Gorman for further pre-trial proceedings.  IT IS SO ORDERED.


Entered this <u>20th</u> day of September, 2010.

                                             s/ Joe B. McDade
                                             JOE BILLY McDADE
                                        United States Senior District Judge