UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christopher Kalpedis, | ) | |
|            Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 10-1142 |
| | ) | |
| City of Peoria, John Briggs, and Chris White, | ) ) | |
|            Defendants | ) | |

**REPORT AND RECOMMENDATION**

Now before the Court is the Defendant's Motion for Involuntary Dismissal (#12) due to lack of prosecution. The motion is fully briefed, and I have carefully considered the parties' submissions. As stated herein, I recommend that the motion be denied.

**BACKGROUND**

This case arises out of the arrest of the Plaintiff. He was criminally charged and convicted. His conviction has been on appeal since before this civil case was filed on May 14, 2010, and apparently it is still on appeal. In this civil case, summonses were issued for all 3 Defendants on May 25, 2010. Plaintiff filed "Return of Service Executed" for all three Defendants. (Docs. #3,4, and 5). The City then filed a motion to dismiss, which was granted. Plaintiff was given leave to file an amended complaint, and on October 11, 2010 he did so. Defendant City filed an answer; the individual Defendants did not.

A Rule 16 conference was held on November 29, 2010, and the case was fully scheduled, with discovery set to close on September 30, 2011. At the Rule 16 conference, the City raised a question as to whether service had been effective as to the two individual Defendants, because

1

service had been attempted by leaving the summonses at the Police Department. Although the summonses had been returned "executed," Plaintiff agreed he should obtain personal service on them. He was given leave to obtain alias summonses and "re-serve" them.

On November 2, 2011, the City of Peoria filed this motion, asking that the case be dismissed for failure to obtain service, undertake discovery, or do anything else to prosecute the action. In response, Plaintiff's counsel states as follows. After the Rule 16 conference, counsel reported the outcome to his office. A few weeks later, the case was transferred to a different attorney within the firm. Someone in the office put a note on the civil file, erroneously remarking that the civil case was stayed pending appeal of the criminal matter. As a result, the case was put to the side pending disposition of that still-pending appeal.

Plaintiff admits that he has let the case sit idle for the past year and that this was not because he "knowingly shirk[ed] his responsibilities" but rather due to the erroneous marking of the file as stayed. Plaintiff asks that the motion be denied or, in the alternative, that he be allowed to take a voluntary dismissal against defendants Briggs and White under Fed.R.Civ.P. 41(a)(1).

## DISCUSSION

Defendant's motion is brought under Fed.R.Civ.P. 41(b), which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." See e.g., <u>Bolt v. Loy</u>, 227 F.3d 854, 856 (7th Cir.2000) (willful failure to prosecute an action can be an appropriate basis for dismissal); <u>Fed. Election Comm'n v. Al Salvi for Senate Comm.</u>, 205 F.3d 1015, 1018 (7th Cir.2000)(same); Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir.1998)(same).

There is no question that the result of the mis-handling of this file in Plaintiff's counsel's office can be characterized as a failure to prosecute the action. A full year has passed with absolutely nothing being done to comply with the deadlines established for completion of discovery.

Dismissal, however, is not mandatory for failure to prosecute. The Court is vested with wide discretion in determining if dismissal is appropriate as a result of a failure to prosecute an action. The discretion is guided by consideration of a number of factors. Those factors include: the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. In re Nora , - F.3d -, 2011 WL 1395566, *2, April 13, 2011 (7th Cir.)[citing cases]. Another court has listed the factors as including: (1) the efficacy of imposing a less severe sanction; (2) the frequency and magnitude of plaintiffs failure to comply with court deadlines; (3) the effect of plaintiffs non-compliance with court deadlines on the rest of the court's docket; (4) prejudice to the defendant; and (5) the probable merits of plaintiffs suit. Moore v. Hallisy, - F.2d -, 1999 WL 560619, 2, July 28, 1999 (7th Cir.)[citing cases]. As a general rule, a district court should give an explicit warning prior to dismissing a case for want of prosecution, unless the warning would serve no purpose. See, Nora, 2011 WL at *3.

In this case, I find that the delay was occasioned not by misconduct or contumacious conduct but by an error. While the better practice would certainly be for counsel to review his files more often than once per year, there is simply nothing about this case that indicates anything deliberately obstructive in counsel's conduct, nor is there any history of delay or other objectionable conduct by Plaintiff or his counsel. As an aside, it appears that Defendant did nothing during the past year either. A simple telephone call to Plaintiff's attorney would have been a simple and civil thing to have done.

The Seventh Circuit recently re-affirmed the line of cases holding that, under Rule 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Adrianna Brown v. Columbia Sussex Corp., - F.3d -, Case No. 10-3849, December 15, 2011 (7th Cir.), citing Maynard v. Nygren, 332 F.3d 462, 467 7th Cir. 2003); and Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998)). Where, as here, an isolated and unintentional error has led to the delay, dismissal is a result so harsh that it is inappropriate.

There is no question that correcting this error will necessitate revisions to the Court's docket and to the calendars of both counsel and their clients. No other prejudice has been brought to the Court's attention and none is apparent from the file, other than the fact that proper service on the two individual defendants remains in doubt. Rule 4(m) provides "that if the plaintiff shows good cause for the failure [to serve the defendant within 120 days], the court shall extend the time for service." Good cause means a valid reason for delay, such as the defendant's evading service. Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 933 -934 (7th Cir.2002) [citing cases]. There was nothing like that here. Case law, however, also allows the district court to extend the time for service if plaintiff's missing the deadline was the result of excusable neglect. Id. [citing cases]. In other words, either good cause or excusable neglect constitutes grounds for extension. "In the first case, that of good cause, an extension is mandatory; in the second, that of excusable neglect, it is permissive..." Id. [citing cases].

The City suggests that Plaintiff should not be allowed to serve the Defendants, relying on Cardenas v. City of Chicago, 646 F.3d 1001 (7th Cir. 2011). In that case, suit was filed in state court. Similar to this case, service on a police officer defendants was attempted by leaving his summons at

4

the Chicago Police Department Headquarters in care of the Superintendent. Unlike this case, however, the summons was returned "unexecuted." The case was then removed to federal court by the City; the Notice of Removal stated that the officer had not been served. What happened next was disputed, but the end result was not: the officer was not served and he moved for dismissal under Fed.R.Civ.P. 12(b)(5). While that motion and the City's 12(b)(6) motion were pending, Plaintiff obtained an alias summons and served the officer, 525 days after the case had been removed. The trial court granted the 12(b)(5) motion, finding that the officer had not been served within the 120 days required under Fed.R.Civ.P. 4 and that Plaintiff lacked good cause for that failure. The court declined to grant a discretionary extension of time for service.

The Cardenas case has no bearing on the issue before the Court at this time. No one has moved for dismissal based on Rule 12(b)(5). The issue before this Court is whether the case should be dismissed for lack of prosecution, an entirely different issue with a different mode of analysis.

As discussed above, I find that the clerical error committed in Plaintiff's attorney's office led to the Plaintiff's failure to prosecute this case, that the failure was the result of excusable neglect, and that the time for service on the two individual defendants, John Briggs and Chris White, should be extended by a reasonable period.

## CONCLUSION

Accordingly, I recommend that the motion to dismiss [#12] be denied and that the Plaintiff be directed to obtain alias summonses and effect prompt service by a date certain. That date is 30 days from the date of this Report and Recommendation or, if this Report and Recommendation is appealed, 30 days from the date on which the appeal is resolved, assuming this Report and Recommendation is affirmed.

I also recommend that Plaintiff's counsel be cautioned that future failures to abide by deadlines will not be viewed leniently. Finally, I see no need for a voluntary dismissal of the two individual defendants at this time, although nothing in this Report and Recommendation should be interpreted as an opinion on any defense they may raise when properly served.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTERED ON December 19, 2011

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE