## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KALPEDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  10-cv-1142 |
| | ) | |
| CITY OF PEORIA, JOHN BRIGGS, and | ) | |
| CHRIS WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant City of Peoria's Motion to Dismiss Plaintiff's Amended Complaint for lack of prosecution, and Judge Gorman's Report and Recommendation ("R&R") on the same. (Docs. 12 & 14). For the reasons stated below, the Motion to Dismiss is denied and the R&R is adopted.

As recounted more fully in Magistrate Judge Gorman's R&R, Plaintiff filed his initial Complaint on May 14, 2010, and was later given leave to file an Amended Complaint, which he did on October 11, 2010. Magistrate Judge Gorman held a Rule 16 conference on November 29, 2010, and set discovery to close on September 30, 2011. At the Rule 16 conference, Plaintiff agreed that he had not yet obtained effective service on the two individual Defendants, and was given leave to do so. Defendant City of Peoria filed the instant Motion to Dismiss for failure to prosecute on November 2, 2011, as Plaintiff had failed to obtain service on the individual Defendants, and had failed to undertake any further action in this case. (Doc. 12). Plaintiff responded, explaining that after the Rule 16 conference, the case was

transferred to another attorney within the same firm, and was erroneously marked with a notation indicating that the case was stayed. Magistrate Judge Gorman reviewed the considerations surrounding a dismissal for failure to prosecute, and determined that involuntary dismissal was inappropriate in this case. (Doc. 14). He recommended that Plaintiff be directed to obtain service within a limited time frame,[1] and that the Court caution Plaintiff's counsel against future failures to meet deadlines in this matter. The Court agrees with Magistrate Judge Gorman's analysis and recommendations.

The parties were notified in the R&R that failure to timely object to Magistrate Judge Gorman's R&R would constitute a waiver of any objections. *See* 28 U.S.C. § 636(b)(1); *see also Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). Objections to the R&R were due by January 6, 2012, and none were made. The Court therefore adopts the R&R in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 12) is DENIED and the R&R (Doc. 14) is ADOPTED. Plaintiff SHALL obtain alias summonses and effect proper service upon the two individual Defendants by February 9, 2012. This matter is referred to Judge Gorman for further pretrial proceedings, including the creation of a new schedule for this case's disposition. Entered this <u>11th</u> day of January, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[1] Nothing in either the R&R or in this Order & Opinion should be taken as a ruling or opinion on any defenses the individual Defendants may put forth when they are properly served.